**Hearing Date: May 10, 2016 at 10:00 A.M**
**Objection Deadline:  May 3, 2016 at 10:00 A.M**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 16-22321 (RDD) |
| KIRWAN OFFICES S.A.R.L. | |
| Debtor. | |

-------------------------------------------------------------X

**NOTICE OF MOTION**

    **PLEASE TAKE NOTICE** that, upon the Declaration of Stephen P. Lynch dated April 6, 2016, the exhibits thereto, and the accompanying Memorandum of Law of even date, together with the attached proposed Answer to the Involuntary Petition, Stephen Lynch ("Lynch"), the Class C shareholder of the putative Debtor - Debtor-in-Possession, Kirwan Offices S.A.R.L., a Luxembourg company ("Kirwan"), individually and on behalf of Kirwan, will move this Court before the Honorable Robert D. Drain, United States Bankruptcy Judge, at the United States Bankruptcy Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601 on May 10, 2016 at 10:00 A.M., or as soon thereafter as counsel may be heard,  for entry of an order: (1) dismissing the case upon the grounds of *forum non conveniens* in favor of arbitration in London, as required under the Shareholders Agreement dated  August 30, 1987 (the "SHA"); (2) pursuant to Rules 1018 and 7024 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Fed. R. Civ. P. 24 incorporated therein, together with Bankruptcy Rule 7012 and Fed. R. Civ. P. 12, granting Lynch, individually and on behalf of Kirwan, leave to

intervene in this action, for purposes of contesting the involuntary petition filed by and on behalf of Kirwan's Class A and Class B shareholders (collectively, the "Financing Shareholders"), Mascini Holdings Limited, ("Mascini"), a Cypriot company and Lapidem Limited ("Lapidem"), a Cayman Islands company, on the grounds that the filing violated the controlling SHA and upon such leave, dismissing the involuntary petition: (A) upon the grounds that Kirwan does not qualify as a debtor under Section 109 of Title 11 of the United States Code (the "Bankruptcy Code") and that the actions taken for purposes of filing this case were void ab initio in violation of the SHA; and (B) alternatively, should this Court find that Kirwan meets the eligibility requirements under Bankruptcy Code § 109, staying these proceedings to allow for an LCIA determination as to whether the loans for the Financing Shareholder's claims are in fact due, as well as whether the filing violates the SHA, and upon that determination dismissing the petition; (3) should this Court nevertheless find that an order for relief may be entered, abstaining from hearing the case pursuant to Bankruptcy Code § 305(a)(1); (4) alternatively, dismissing the case pursuant to Bankruptcy Code § 1112(b) for cause based on the totality of the circumstances and on the grounds that it was not filed in good faith; and (5) pursuant to Federal Arbitration Act, 9 U.S.C. § 3, for a stay of the bankruptcy case pending arbitration in the LCIA, and a hearing will be held at that date and time to consider the relief requested in the motion

**PLEASE TAKE FURTHER NOTICE**, that opposition to the Motion, if any, must be (i) in writing, (ii) electronically filed with the Clerk of the Bankruptcy Court, (iii) mailed to the Chambers of the Honorable Robert D. Drain, United States Bankruptcy Judge, United States Bankruptcy Court, Southern District of New York, 300 Quarropas Street, White Plains, New York 10601, (iv) mailed to the Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, New York 10014, and (iv) served upon the undersigned counsel, so as to be actually received no later than May 3, 2016 at 10:00 a.m.

Dated: New York, New York
April 6, 2016

                                        DANIEL J. ROTHSTEIN, P.C.

                                        By: /s/ Daniel J. Rothstein
                                              Daniel J. Rothstein
                                              747 Third Avenue, 32nd Floor
                                              New York, NY 10017
                                              (212) 207-8700

                                                    *-and-*

                                        WHITE & WOLNERMAN, PLLC
                                        Randolph E. White, Esq.
                                        David Y. Wolnerman, Esq.
                                        950 Third Avenue, 11th Floor
                                        New York, New York 10022
                                        (212) 308-0667

                                        *Co-counsel for Stephen P. Lynch*

Daniel J. Rothstein, P.C.
747 Third Avenue, 32nd Floor
New York, NY 10017
(212) 207-8700

White & Wolnerman PLLC
950 Third Avenue, 11th Floor
New York, New York 10022
(212) 308-0667

*Attorneys for Stephen P. Lynch*
*Individually and on behalf of the putative debtor*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------X

| | |
|---|---|
| In re: | Chapter 11 |
| | Case No. 16-22321 (RDD) |
| KIRWAN OFFICES S.A.R.L. | |
| Debtor. | |

----------------------------------------------------------X

**PROPOSED ANSWER OF STEPHEN P. LYNCH, INDIVIDUALLY AND ON BEHALF OF PUTATIVE DEBTOR TO INVOLUNTARY PETITION**

Stephen P. Lynch, individually and derivatively on behalf of the putative debtor/debtor in possession Kirwan Offices S.A.R.L. ("Respondent"), by his attorneys, Daniel J. Rothstein, P.C. and White & Wolnerman, PLLC, (in addition to the motion to dismiss and related relief, filed earlier this same date) files this Answer to the allegations contained in the alleged Involuntary Petition filed in the above-captioned case by Mascini Holdings Limited and Lapidem Limited (together, the "Petition Creditors"), and alleges as follows:

1.    Respondent denies that the Petitioner Creditors are eligible to file the alleged Involuntary Petition in this case pursuant to 11 U.S.C. § 303(b). To the extent the Petitioning Creditors allege to have any claims against Kirwan Offices S.a.r.l., those claims are contingent as to liability and/or the subject of a bona fide dispute as to liability or amount.

2. The Petitioning Creditors have made no allegations with respect to their assertion that Kirwan Offices S.a.r.l. is generally not paying its debts as they become due, and Respondent denies same.

3. Respondent denies that Kirwan Offices S.a.r.l. is a person against which an order for relief may be entered under title 11 of the United States Code.

4. Respondent denies that venue in the Southern District of New York is proper.

5. Respondent denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the alleged Involuntary Petition.

## AFFIRMATIVE DEFENSES AND CLAIMS FOR RELIEF

Without assuming any burden of proof or persuasion that properly lies with the Petitioning Creditors, Respondent asserts the following defenses and claims in response to the alleged Involuntary Petition:

## FIRST AFFIRMATIVE DEFENSE

6. The Financing Shareholders' loans are in the nature of paid-in capital and cannot be recovered from the Respondent unless and until there is a "Return" (as that term is defined in the Shareholders Agreement (the "SHA")) binding the parties.

7. Any claims by the Petitioning Creditors are in addition subject to and must be resolved by the London Court of International Arbitration (LCIA), which has exclusive jurisdiction over the same and must so decide the claims by the application of English law.

8. As a consequence of the foregoing the Petitioning Creditors' claims are subject to a bona fide dispute as to liability and amount.

## SECOND AFFIRMATIVE DEFENSE

9. The Petitioning Creditors are insiders who lack standing to file under Bankruptcy Code § 303.

## THIRD AFFIRMATIVE DEFENSE

10. Respondent is ineligible to be a Debtor pursuant to 11 U.S.C. § 109.

11. The attempts to create bankruptcy eligibility, including the apparent creation of "Retainer" accounts, were unauthorized, do not constitute funds belonging to Respondent and are void *ab initio*.

## FOURTH AFFIRMATIVE DEFENSE

15. The Respondent is able to pay its obligations as they come due and any unpaid "claims" were in reality created by the *ultra vires* acts of the Petitioning Creditors in order to fabricate bankruptcy eligibility where none exists.

## FIFTH AFFIRMATIVE DEFENSE

16. This Court should dismiss the alleged Involuntary Petition pursuant to 11 U.S.C. § 305.

## SIXTH AFFIRMATIVE DEFENSE

17. This Court has no subject matter jurisdiction to order the relief sought in the alleged Involuntary Petition.

## FIRST CLAIM FOR RELIEF

18. Pursuant to 11 U.S.C. §303(i) the Court may award costs or reasonable attorneys' fees if the alleged Involuntary Petition is dismissed.

19. Respondent requests that it be awarded its reasonable attorneys' fees following the hearing and determination of the alleged Involuntary Petition.

3

## SECOND CLAIM FOR RELIEF

20.    Pursuant to 11 U.S.C. § 303(i), the Court may award actual and punitive damages if it is determined that the Petitioning Creditors filed the case in bad faith.

21.    The Petitioning Creditors filed the alleged Involuntary Petition in a bad faith attempt to obtain relief from a court with no jurisdiction over the Respondent, a foreign entity with no nexus to the United States.

22.    The Petitioning Creditors manufactured jurisdiction in the United States on the eve of an involuntary filing and colluded with equity holders holding contingent claims to commence such an involuntary proceeding in violation of the putative debtor's operative documents and governing foreign law to further the interests of a subset of equity holders and to the detriment of other equity holders.

23.    As a consequence of the foregoing, Respondent requests that it be awarded actual and punitive damages, following the hearing and determination of the alleged Involuntary Petition.

WHEREFORE, the Respondent, Stephen Lynch, individually and derivatively on behalf of the Respondent, respectfully requests entry of a judgment: (i) dismissing the alleged Involuntary Petition with prejudice and costs; (ii) its reasonable attorney's fees incurred in contesting the alleged Involuntary Petition; (iii) its actual damages and an award of punitive damages on account of the bad faith nature of the alleged Involuntary Petition; and (iv) any and all such further relief as the Court deems just and proper.

Dated: New York, New York
April 6, 2016

DANIEL J. ROTHSTEIN, P.C.

By:_____
Daniel J. Rothstein
747 Third Avenue, 32nd Floor
New York, NY 10017
(212) 207-8700

-and-

WHITE & WOLNERMAN, PLLC
Randolph E. White, Esq.
David Y. Wolnerman, Esq.
950 Third Avenue, 11th Floor
New York, New York 10022
(212) 308-0667

*Co-counsel for Stephen P. Lynch*

5