**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>KIRWAN OFFICES S.à R.L.,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-22321 (RDD) |
| STEPHEN P. LYNCH,<br><br>Plaintiff,<br><br>v.<br><br>MASCINI HOLDINGS LIMITED, LAPIDEM LTD.,<br>and KIRWAN OFFICES, S.à R.L.,<br><br>Defendants. | Adv. Proc. No. 17-08200 (RDD) |

## STIPULATION AND ORDER

It is hereby stipulated and agreed by and among Lapidem Ltd. ("**Lapidem**"), Mascini Holdings Limited ("**Mascini**") and Stephen P. Lynch ("**Lynch**," and together with Lapidem and Mascini, the "**Parties**") and the Parties' respective counsel as follows:

1. On March 15, 2016, Lapidem and Mascini filed an involuntary chapter 11 bankruptcy petition against the debtor, Kirwan Offices S.à R.L. ("**Kirwan**").

2. The Court has set a hearing for Lynch's *Motion for Intervention and Dismissal, Abstention, or Stay* ("**Dismissal Motion**") (ECF No. 8) and Lynch's *Motion to Extend the Debtors' Exclusivity Periods* ("**Exclusivity Motion**") (ECF No. 55) for January 27, 2017 at 10:00 a.m. ("**January 27 Hearing**").

3. On December 13, 2016, Emile du Toit, who is one of Kirwan's Class A Managers and a director of Lapidem and Mascini, circulated by email and registered letter a notice

("**Meeting Notice**") (attached as Exhibit B to the *Verified Complaint* ("**Complaint**") (ECF No. 69; Adv. Proc. ECF No. 1)) signed by Du Toit and Richard Deitz, who is one of Kirwan's Class B Managers and the President of VR Capital.

4. The Meeting Notice convened a meeting of Kirwan's Board of Managers in Luxembourg on Thursday, January 19, 2017, at 11:00 AM Central European Time ("**Proposed Board Meeting**").

5. On January 3, 2017, Lynch filed a Complaint (the "**Complaint**"), which seeks declaratory and injunctive relief to enforce Lapidem's and Mascini's compliance with Kirwan's Shareholders Agreement ("**SHA**") (Compl. Ex. A) in connection with Meeting Notice Agenda Items 2, 4, and 6 at the Proposed Board Meeting (the "**Disputed Agenda Items**").

6. Contemporaneously with the Complaint, Lynch filed his *Emergency Motion for a Declaration that the Automatic Stay Does Not Apply or, In the Alternative For Relief From the Automatic Stay* ("**Stay Declaration Motion**") (ECF No. 71), *Emergency Motion for Preliminary Injunction* ("**Preliminary Injunction Motion**") (Adv. Proc. ECF No. 3), and *Motion For An Order Scheduling An Expedited Hearing And Shortening Notice For Lynch's Emergency Motion For A Declaration The Automatic Stay Does Not Apply Or, In The Alternative, Relief From The Automatic Stay And Lynch's Emergency Motion For Preliminary Injunction* (the "**Scheduling Motion,**" and together with the Stay Declaration Motion and Preliminary Injunction Motion, the "**Board Meeting Motions**") (ECF No. 70; Adv. Proc. ECF No. 2).

7. The Court has set a hearing for the Scheduling Motion for January 9, 2017 at 10:00 a.m. and the objection deadline for the Board Meeting Motions for January 9, 2017 at 8:00 a.m.

8. Lynch hereby withdraws the Scheduling Motion, and the hearing set for January 9, 2017 is hereby vacated.

9. The Parties agree to adjourn the hearing on the Stay Declaration Motion and Preliminary Injunction Motion to the January 27 Hearing.

10. The deadline for Lapidem and Mascini to file responses or objections to the Stay Declaration Motion and Preliminary Injunction Motion is January 11, 2017 at 11:59 p.m. EST.

11. The deadline for Lynch to file replies in support of the Stay Declaration Motion and Preliminary Injunction Motion is January 20, 2017.

12. Except as set forth herein, Lapidem, Mascini and Kirwan need not respond to the Complaint until after the Court has ruled on the Preliminary Injunction Motion and the Stay Declaration Motion. The parties shall meet and confer concerning next steps with respect to the Complaint, if appropriate, after such rulings.

13. On January 6, 2017, Emile du Toit circulated by email and registered letter a notice signed by Emile Du Toit and Richard Deitz (in their capacities as Class A Manager and Class B Manager respectively) removing the Disputed Agenda Items from the Proposed Board Meeting agenda and setting out the amended agenda for the Proposed Board Meeting without the Disputed Agenda Items. Lynch agrees, in his capacities as C Shareholder and Class C Manager, to waive the requirement of clause 6.3.6 of the SHA and of article 8.8 of the By-Laws (Articles of Association) of Kirwan that the majority of directors/managers need to be physically present in Luxembourg for a teleconference meeting, but no other requirement relating to a board meeting of Kirwan. Lapidem and Mascini agreed not to add any other agenda items to the agenda for the Proposed Board Meeting.

14. Without prejudice to Lynch's right to commence an action in the London Court of International Arbitration with respect to the Disputed Agenda Items, Lapidem and Mascini agree to have the consideration of the Disputed Agenda Items delayed until a subsequent board

3

meeting ("**Second Board Meeting**") to be held no earlier than eight business days after the later of the following: (i) entry of an order ruling on the Dismissal Motion, and (ii) if the Dismissal Motion is denied, entry of orders resolving both Board Meeting Motions. Lynch agrees in his capacity as Class C Manager that 8 business days written notice is sufficient for the Second Board Meeting and in his capacities as C Shareholder and Class C Manager to waive the requirement of clause 6.3.6 of the SHA and of article 8.8 of the By-Laws (Articles of Association) of Kirwan that the majority of directors/managers need to be physically present in Luxembourg for a teleconference meeting, but no other requirement relating to a board meeting of Kirwan. Lapidem and Mascini agreed not to add any other agenda items to the agenda for the Second Board Meeting.

15. Lynch agrees not to commence any action (including an action before the London Court of International Arbitration) concerning the Disputed Agenda Items before the later of (i) a ruling on the Dismissal Motion, and (ii) if the Dismissal Motion is denied, resolution of both Board Meeting Motions.

16. The Parties endeavored to resolve their dispute regarding the Disputed Agenda Items amicably and these attempts were unsuccessful. No further endeavors to resolve the dispute regarding the Disputed Agenda items are required in order for Lynch to commence an action in the London Court of International Arbitration with respect to the Disputed Agenda Items, any subset of the Disputed Agenda Items, or any actions contemplated by or within the Disputed Agenda Items.

*(Signature page follows.)*

Dated: New York, New York
      January 6, 2017

By: /s/ Richard Levin

JENNER & BLOCK LLP
Richard Levin
Stephen L. Ascher
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1600
rlevin@jenner.com
sascher@jenner.com

*Attorneys for Stephen Lynch*

Dated: New York, New York
      January 6, 2017

By: /s/ Mark A. McDermott

SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
Jay M. Goffman
Mark A. McDermott
Suzanne Lovett
Four Times Square
New York, New York 10036
(212) 735-3000
jay.goffman@skadden.com
mark.mcdermott@skadden.com
suzanne.lovett@skadden.com

*Attorneys for Petitioners*

SO ORDERED:

/s/Robert D. Drain
Hon. Robert D. Drain
United States Bankruptcy Judge

Dated: White Plains, New York
      January 9, 2017