1

2  UNITED STATES BANKRUPTCY COURT

3  SOUTHERN DISTRICT OF NEW YORK

4  Case No. 16-22321-rdd

5  - - - - - - - - - - - - - - - - - - - -x

6

7  In the Matter of:

8  KIRWAN OFFICES S.A.R.L.,

9       Debtor.

10

11  - - - - - - - - - - - - - - - - - - - -x

12

13             United States Bankruptcy Court

14             300 Quarropas Street

15             White Plains, NY

16             July 19, 2017

17             10:37 AM

18

19

20

21  B E F O R E:

22  HON. ROBERT D. DRAIN

23  U.S. BANKRUPTCY JUDGE

24

25

1

2    Motion to Approve/Motion of Stephen P. Lynch for Correction of

3    the Record

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20   Transcribed by:  David Rutt

21   eScribers, LLC

22   352 Seventh Avenue, Suite #604

23   New York, NY 10001

24   (973)406-2250

25   operations@escribers.net

1

2  A P P E A R A N C E S:

3  SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

4        Attorneys for Lapidem Ltd. and Mascini Holdings Ltd.

5        4 Times Square

6        New York, NY 10036

7

8  BY:   MARK A. MCDERMOTT, ESQ.

9

10

11  ALSO PRESENT:

12        STEPHEN P. LYNCH, Pro se (TELEPHONICALLY)

13

14

15

16

17

18

19

20

21

22

23

24

25

1              P R O C E E D I N G S

2            THE COURT:  In Re: Kirwan Offices S.A.R.L.

3            MR. LYNCH:  Good morning, Your Honor.  This is Stephen

4    Lynch.  I'm on CourtCall and I am representing myself pro se in

5    this motion for correction of record.

6            THE COURT:  Okay, good morning.

7            MR. MCDERMOTT:  Good morning, Your Honor.  Mark

8    McDermott on behalf of Lapidem and Mascini, the owners of the

9    reorganized company.

10           THE COURT:  Okay, good morning.

11           All right, this is Mr. Lynch's motion on his own

12   behalf for a correction of the record on his appeal of the

13   confirmation order in this case, which he seeks to do pursuant

14   to Bankruptcy Rule 8009(e)(2)(B).  I've read the motion and the

15   exhibits as well as the response by Lapidem and Mascini and the

16   two McDermott declarations in support of that response as well

17   as the exhibits to them.

18           So you all should assume that I have the benefit of

19   all of that, but I'm happy to hear anything that you have to

20   say as well.

21           MR. LYNCH:  Thank you, Your Honor.  Stephen Lynch

22   speaking again.  I have a short statement.  I think it's less

23   than five minutes. It might even be three (indiscernible).

24           THE COURT:  Okay, but you're going to have speak up a

25   little bit because you're fading in and out.

 1          MR. LYNCH:  I'll try that.  Please let me know if you

 2    can't hear me.

 3          THE COURT:  Okay.

 4          MR. LYNCH:  Your Honor, my request is a narrow one and

 5    it seeks only to correct the record on appeal, namely to

 6    correct the telephonic hearing transcript to show that neither

 7    myself nor Mr. Sandakov of FD Advisory as attorney for me,

 8    participated in the February 27, 2017, telephonic hearing.  In

 9    support of this, I have submitted evidence to that effect,

10    including a May 2, 2017, from CourtCall to Your Honor and the

11    official dial-in as provided by CourtCall.

12          In their reply to my motion to correct the record,

13    petitioning creditors, who are now appellees, have introduced

14    the issue of whether or not I was properly notified of the

15    hearing, and indeed other issues of service and notification.

16    These issues are ones that I have timely and already appealed.

17    And just last week, I filed my brief on appeal with this issue

18    extensively addressed in that brief.

19          The filing of a notice of appeal is a matter of

20    jurisdictional significance, conferring on the higher court

21    control of those aspects of the case involved in the appeal

22    while divesting the lower court the same.  Although the --

23          THE COURT:  I'm sorry, Mr. Lynch, can you speak a

24    little slower?  I think it's going to be very hard for the

25    court reporter to get through what you're saying.

1          MR. LYNCH:  Oh, okay, then.  I certainly will.

2          THE COURT:  Okay.

3          MR. LYNCH:  In their reply to my motion to correct the

4    record, petitioning creditors, who are now appellees, have

5    introduced the issue of whether or not I was properly notified

6    of the hearing, and indeed other issues of service and

7    notification.  These issues are ones that I have timely and

8    already appealed.  And just last week, I filed my brief on

9    appeal with this issue extensively addressed in that brief.

10         The filing of a notice of appeal is a matter of

11   jurisdictional significance, conferring on the higher court

12   control of those aspects of the case involved in the appeal

13   while divesting the lower court of the same.  Although the

14   bankruptcy court has retained jurisdiction to interpret and

15   enforce its orders, the bankruptcy court, respectfully, does

16   not have, absent a timely a motion, modification under Rule

17   9023, jurisdiction to modify orders.

18         The bankruptcy court does have jurisdiction under Rule

19   8009, under which I have moved, to correct errors in the

20   record.  But otherwise, the appeal divested the bankruptcy

21   court of jurisdiction to make any further factual findings or a

22   legal conclusion of the nature sought by Mascini and Lapidem.

23   Accordingly, Mascini and Lapidem's request for additional

24   factual findings, or findings, should be denied.

25         The bankruptcy court has already made its finding that

1    I was properly served.  I respectfully dispute this finding as

2    legally and factually wrong.  I timely appealed that finding,

3    and I have submitted my brief in support of my appeal.  It is

4    now for the district court to decide on the correctness of the

5    bankruptcy court's legal and factual finding.

6            In this -- and I've educated myself a bit over the

7    last few days, I refer to Winimo Realty Corp., Southern

8    District of New York 2001:  "The filing of a notice of appeal

9    confers jurisdiction on the appellate court" -- in this case

10   the district court -- "and divests trial court of control over

11   those aspects of case involved in the appeal.  This applies to

12   appeals of bankruptcy proceedings as well.  Following the

13   appeal of a bankruptcy court order, any actions that interfere

14   with the appeal process or decide an issue identical to the one

15   appealed are beyond mere enforcement and are therefore

16   impermissible."

17           Further, in Prudential Line 1994, Southern District of

18   New York as well: "the filing of a notice of appeal divests the

19   bankruptcy court of any further jurisdiction over the issues

20   appealed."

21           And then further in PBS Foods, Bankruptcy Southern

22   District of New York 2016: "this rule, which applies to appeals

23   filed in bankruptcy cases is founded on concerns for efficiency

24   and the desire to protect the integrity of the appellate

25   process.  Accordingly, the bankruptcy court is prohibited with

**KIRWAN OFFICES S.A.R.L.**                                                           8

1    taking any action which interferes with the appeal process or

2    with the jurisdiction of the appellate court."

3            And then finally, in CPJFK, LLC, Bankruptcy Eastern

4    District of New York 2011: "a bankruptcy court is without

5    jurisdiction to modify any orders that are under appeal."

6            For this reason, Your Honor, in the appellees'

7    response to motion of Stephen Lynch for correction of the

8    record, their numbered paragraphs 2 through 17, should be fully

9    disregarded as they address the issue of whether or not I

10   received proper notice and was served, an issue I have appealed

11   and which is now in the jurisdiction of the district court.

12           Indeed, this court today need only consider paragraph

13   number 1 -- need only consider in addition to my motion and the

14   evidence I have submitted, paragraph number 1 and paragraph

15   number 2 of their response and the first sentence of paragraph

16   18, which reads, "Lapidem and Mascini defer to the court with

17   respect to any determination of whether Mr. Lynch and/or Mr.

18   Sandakov dialed in to CourtCall on February 27, 2017."

19           This, Your Honor, is the narrow and rather simple

20   matter before the Court today.  Accordingly, based on the

21   foregoing, my motion to correct the record on appeal should be

22   granted and petitioning creditors' motion to make additional

23   factual finding in relations to issues on appeal and/or to

24   amend the confirmation order now on appeal, should be denied.

25           Thank you, Your Honor.

1        THE COURT:  Okay.  Mr. McDermott, I didn't actually

2   get the sense that you were looking for me to make any

3   additional findings as to service or the like.

4        MR. MCDERMOTT:  I had a request at the very end to

5   confirm what you had already found.

6        THE COURT:  But that's the same thing as --

7        MR. MCDERMOTT:  That service was proper and --

8        THE COURT:  And I already found that.

9        MR. MCDERMOTT:  Yes, I get that.  It's nothing new.

10       THE COURT:  Okay.

11       MR. MCDERMOTT:  In terms of the request, I don't know

12   whether he was on the phone or not.  I'm skeptical about this

13   whole line, to be very honest, because from my perspective,

14   it's been one game after another in this case with service of

15   process.  And he can say he's pro se; he isn't.  He's being

16   assisted by an attorney.  On the first page of his appellate

17   brief, it says it right there:  "I am being assisted by Mr.

18   Andrei Sandakov."  A man who appeared in this court twice and

19   sat at counsel's table.  And Judge Lane called him out on it.

20       Here is something I am going to ask for today.  And I

21   wasn't going to do this because I didn't think I had any reason

22   to, but we got yet another email that I filed last Friday,

23   saying, "I'm shutting down this email now, and you can't serve

24   me this way.  I haven't gotten anything you've sent to me by

25   courier."

1    He previously told us to serve it at the headquarters

2   of the Hague Convention.  Well the Hague Convention, according

3   to him, doesn't allow service by mail.  I don't know what he

4   wants.  I don't know what game he's playing, other than trying

5   to set things up to later on say, like he has all along, oh

6   well, I can participate but not really be bound.

7        So I'm requesting the Court's guidance.  And I can

8   send -- file this in a motion if you'd like to.  I want to know

9   now, and I think it needs to be followed by an email, what

10  would be the form of service that he will accept and not

11  contest.  And I think at a minimum, we need to able to serve

12  Andrei Sandakov and not be told time and time again, stop

13  serving him.  The man is helping Mr. Lynch.  He can't do that

14  and then duck service.

15       THE COURT:  Okay, well, I'm hopeful that no one will

16  need to have any further relief in this Court beyond the motion

17  in front of me.

18       But, Mr. Lynch, you have appeared in the Court

19  repeatedly.  You've filed motions in the Court, you have a

20  matter on appeal now in the district court from a decision in

21  this case.  It's incumbent upon you and anyone representing you

22  to update any notice of appearance so that you can in fact be

23  served going forward.  Now you can't dart in and dart out again

24  and expect to be treated as a party in interest.  So you have

25  to give people your new address, your new email address, or how

KIRWAN OFFICES S.A.R.L.                                11

1    you will accept service if the old one doesn't work anymore.

2            MR. LYNCH:  May I reply to the -- Mr. McDermott, Your

3    Honor?

4            THE COURT:  Well, I'm just saying, are you in

5    agreement with what I've just said?

6            MR. LYNCH:  I am in agreement that I should keep the

7    Mascini and Lapidem advised of the address at which they can

8    serve me.

9            THE COURT:  Right.

10           MR. LYNCH:  And I have repeatedly and transparently

11   told them so.  I am not under an obligation to provide them

12   with an email address.  I was very direct with them in the

13   beginning of this case that there are serious difficulties to

14   this cross-border Russia/U.S. case.  And there are great

15   burdens that I must bear because of this.  Indeed, it's been a

16   terrible strain on my finances.  And there are burdens that

17   they must bear, including that is -- it's cumbersome to serve

18   me in Russia.  They need --

19           THE COURT:  Mr. Lynch, it's one thing if they are

20   initiating actions against you where you haven't appeared in

21   the case already in seeking relief in this case, but since you

22   have appeared and sought relief, you need to provide a means

23   for service that actually works.

24           MR. LYNCH:  Your Honor, I have been often served in

25   Russia on matters related to large (indiscernible) through the

1  Hague Convention.  Is it easy, in a sense of, as hitting send

2  on your keyboard?  No, it's not.  Nor is it easy for me to

3  mount the defense of my property against this well-funded party

4  --

5        THE COURT:  All I'll say then is this, which is that

6  if you don't lay out a means that will actually work to receive

7  service of process here that's not legally precluded, then

8  you'll bear the consequences, whatever they are.

9        MR. LYNCH:  I have a registered address in Russia,

10  where I have been a longtime resident.  At that registered

11  address, when service has been properly effectuated, I have

12  been served at that address and I have answered service on

13  those occasions.

14        THE COURT:  Okay, so you accept service at that

15  address then?

16        MR. LYNCH:  Absolutely.

17        THE COURT:  Okay, all right.  All right, very well.

18        So, Mr. McDermott, do you have anything to say on the

19  motion beyond what's in the papers?

20        MR. MCDERMOTT:  No.

21        THE COURT:  Okay.

22        MR. LYNCH:  Your Honor, may I --

23        THE COURT:  And then just -- it's really more a word

24  of warning to Mr. Sandakov.  There are specific requirements

25  for practicing law in the Southern District of New York.  It

KIRWAN OFFICES S.A.R.L.                                    13

1    does appear to me that he is assisting you in the practice --

2    by practicing law in the Southern District of New York and he

3    needs to comply with the requirements to do that.  It's not

4    really so much --

5              MR. LYNCH:  Your Honor --

6              THE COURT:  -- your problem, as his problem, but it's

7    an important issue.

8              MR. LYNCH:  Your Honor, this is Stephen Lynch speaking

9    again.  In fact, that was what I wanted to address.  I'm here

10   on this telephone call with you alone.  I drafted my motion to

11   you alone.  Does Mr. Sandakov assist me legal research

12   analysis?  Yes, he does.  Is he licensed to practice in the

13   United States?  No, he's not.  Does he practice in the United

14   States?  No, he does not.  Does he have an engagement to

15   represent me in the United States?  No, he does not.

16             THE COURT:  Now, but let me interrupt you.  People

17   don't have to be licensed here to appear if they get permission

18   from the Court on a pro hac vice motion.  And the reason for

19   that process is so that the Court can maintain control of the

20   attorneys that are working on matters in front of them,

21   including for disciplinary purposes.  I'm not suggesting that

22   Mr. Sandakov has done anything wrong on his underlying advice

23   to you, but by not following that procedure, I believe he is

24   doing something wrong and he should be told that.

25             It's not enough just to say that he can provide legal

1    advice with respect to pleadings without doing that because

2    he's not admitted to the bar of the court here or anywhere

3    else.  In fact, that's a problem.  That's not a good thing.

4    That's a bad thing.  It's not an excuse, in other words.  So,

5    it's just a heads up to him.

6           MR. LYNCH:  I will relay that.  Your Honor, I'm not

7    sure -- I'll need to think about this situation and do my

8    research.  It seems to me that since I'm doing the drafting --

9           THE COURT:  No, it doesn't work that way.  If he's

10   assisting you on it and being the -- doing the legal research,

11   et cetera, he's practicing law.  And that's an issue.  Okay.

12          So as far as the motion is concerned, I gather then

13   you're ready for my ruling, both of you?  Okay.

14          MR. LYNCH:  Yes, Your Honor.

15          THE COURT:  I have a motion before me by Mr. Lynch,

16   the ex-holder of one Class C share of the debtor in this case,

17   for an order correcting the record of this case that is -- that

18   it's on appeal by Mr. Lynch of the Court's order confirming a

19   Chapter 11 plan.  He seeks that relief under Bankruptcy Rule

20   8009(e)(2)(B).  Bankruptcy Rule 8009(e) is headed "Correcting

21   or Modifying the Record", and the Part 8 rules, the Bankruptcy

22   Rules, all deal with appeals.

23          It reads as follows, as is relevant:

24          "(1) Submitting to the Bankruptcy Court.  If any

25   difference arises about whether the record accurately discloses

1    what occurred in the bankruptcy court, the difference must be

2    submitted to and settled by the bankruptcy court and the record

3    conformed accordingly.  If an item has been improperly

4    designated as part of the record on appeal, a party may move to

5    strike that item."

6           "(2) Correcting in Other Ways. If anything material to

7    either party is omitted from or misstated in the record by

8    error or accident, the omission or misstatement may be

9    corrected, and a supplemental record may be certified and

10   transmitted:

11          (A) on stipulation of the parties;

12          (B) by the bankruptcy court before or after the record

13   has been forwarded; or

14          (C) by the court where the appeal is pending."

15          As a matter of practice generally speaking, the

16   district courts defer to the bankruptcy court on these

17   8009(e)(2) issues, but they also have the power to deal with

18   what is covered by 8009(e)(2).

19          And then (3) states: "Remaining Questions. All other

20   questions as to the form and content of the record must be

21   presented to the court where the appeal is pending."

22          Mr. Lynch, in his motion, addresses the record of the

23   February 27, 2017, hearing held by the Court in this case on a

24   motion for entry of an order establishing streamlined

25   procedures with respect to plan confirmation, a motion for

1   entry of an order establishing deadlines for submitting proofs

2   of claim, approving the form and manner for submitting such

3   proofs of claim and approving notice thereof, and C) a motion

4   for entry of an order scheduling an expedited telephonic

5   hearing and shortening notice for petitioner's bar date and

6   plan confirmation procedures motion.

7           Clearly the relevant motion with respect -- at that

8   hearing, with respect to which the present motion is addressed,

9   is the first one, the motion for entry of an order establishing

10  streamlined procedures with respect to plan confirmation.  The

11  Court's determination of that motion resulted in an order of

12  the Court establishing procedures with respect to plan

13  confirmation dated February 28, 2017.

14          The present motion before the Court states that "the

15  transcript of that hearing erroneously records the presence of

16  Lynch" -- I'm quoting from the motion now -- "and erroneously

17  records Andrei Sandakov of FD Advisory LLP as participating in

18  the call as attorney for Lynch."  I'm continuing on with motion

19  on page 2.  "In addition, the Court by error made the following

20  misstatements:

21          THE COURT:  Okay, and Mr. Lynch is on the phone live

22  and I assume among other reasons it's because he got notice of

23  this hearing."

24          The present motion before the Court states that

25  "neither Mr. Lynch nor Mr. Sandakov participated in the

1  telephonic hearing and that this fact has been confirmed by a

2  letter from CourtCall, which in realia states, 'Our records

3  indicate that Mr. Lynch did not dial in to the CourtCall

4  conference at any time on the date of this hearing.  Conference

5  history report attached and listed in Central Time.  I am

6  submitting this letter at Mr. Lynch's request as evidence that

7  he was not present telephonically for this hearing.'"

8          The motion then goes to say, "Although the letter

9  itself does not mention Mr. Sandakov, the attached conference

10 history report clearly shows that Mr. Sandakov did not dial in

11 to the CourtCall conference at any time on the date of the

12 February 27th hearing."  A copy of the CourtCall list of those

13 who CourtCall's record show dialed in to the February 27th

14 hearing is attached as Exhibit 2 to the motion and shows

15 neither Mr. Lynch nor Mr. Sandakov as having dialed in to the

16 hearing.

17         The motion goes on to seek to correct -- or state why

18 the record should be corrected by referencing an exchange at

19 the plan confirmation hearing, later in 2017, in which this

20 exchange took place.  Mr. McDermott addressing the February 27,

21 2017 hearing:

22         "We understand that Mr. Lynch participated in that

23 telephonic hearing and the dates were obviously set at that

24 hearing."  The dates for -- that is the confirmation hearing

25 and dates to object or otherwise respond to the request for

1  confirmation.

2         THE COURT:  Well, he didn't participate, but he was

3  present on CourtCall and not --

4         MR. MCDERMOTT:  Correct.

5         THE COURT:  Not only -- I'm sorry -- not in a listen-

6  only mode, so he had the right to speak up if he wanted to.

7         MR. MCDERMOTT:  Yeah, when I said participate, I

8  didn't mean to suggest that he spoke, I just knew that the

9  record had shown that he was on.

10        THE COURT:  Right."

11        The record, I believe, does need to be conformed to

12  what in fact actually occurred in the bankruptcy court on

13  February 27, 2017.  In light of the evidence presented by Mr.

14  Lynch in the present motion, in particular Exhibit 2, which

15  I've already referenced, it appears to me, however, that the

16  proper means to do that would be under Bankruptcy Rule 8009

17  (e)(1), which as I stated before, provides that "if any

18  difference arises about whether the record accurately discloses

19  what occurred in the bankruptcy court, the difference must be

20  submitted to and settled by the bankruptcy court and the record

21  conformed accordingly."

22        The difference as to what actually occurred in the

23  bankruptcy court pertains to whether Mr. Lynch was on the phone

24  or not at the February 27th hearing.  He was listed on the

25  CourtCall calendar for that hearing.  As reflected in Exhibit 3

1  to the present motion, the last page of that exhibit.  In

2  addition, Mr. Sandakov was listed on the CourtCall telephonic

3  appearance schedule for that hearing.  Both listed as

4  interested party appearing live, but Mr. Sandakov being listed

5  as appearing for Mr. Lynch.

6          Normally, when this court has a party who is listed on

7  the confirmed telephonic appearance schedule and the Court

8  references that party at the hearing as being on the line, the

9  CourtCall operator will interject or jump in if the party is in

10  fact not on the line and inform the Court that, notwithstanding

11  the confirmed telephonic appearance schedule, the party is not

12  on the line.

13          That did not happen at the February 27th hearing.

14  Consequently, I assumed that Mr. Lynch and Mr. Sandakov were on

15  the line.  The next day, February 28th, Mr. Lynch sent an email

16  to me copying counsel for the plan proponents, Mascini and

17  Lapidem, Mr. McDermott, which read, "I did not participate in

18  yesterday's hearing in any manner.  I was not nor was anyone

19  representing me, listening to the hearing via an open line."

20  The email then went on to state that "it is true that I used

21  this .sg email address for many years; however, the email is

22  being terminated as a direct result of the denial of dismissal

23  on bad faith grounds."

24          It goes on to provide further explanation as to why

25  that is occurring and address service.  I responded a few

1  minutes later to Mr. Lynch at the same email address.  His

2  email is timed 1:39 p.m.; my response is 1:52 p.m.  My response

3  was as follows:  "Please file your email below on the docket.

4  Please also note that you were listed on the CourtCall roster

5  for the 2/27 hearing."

6          I do not believe that Mr. Lynch did in fact file his

7  email on the docket nor did he respond with any evidence until

8  he sought to file this motion dated April -- I'm sorry June 23,

9  2017, with the actual CourtCall records that he didn't

10  participate and that Mr. Sandakov didn't participate, not only

11  by not speaking but by literally not being on the line.  I did

12  not believe there was any evidence of that fact as of the

13  confirmation hearing.

14          So the record should be conformed to reflect that.

15  Although the Court believed that Mr. Lynch was on the phone and

16  that Mr. Sandakov was on the phone at the February 27th

17  hearing, and reasonably believed so both at that hearing and at

18  the confirmation hearing, they weren't.  Having said that, I

19  believe that the proper way to address conforming the record is

20  simply to send this transcript to the district court or file it

21  with the district court as part of the record.

22          I am not making my ruling under Rule 8009(e)(2), which

23  states that "if anything material to either party is omitted

24  from or misstated in the record by error or accident, the

25  omission of the statement may be corrected and a supplemental

1   record may be certified and transmitted", because I don't

2   believe that my misimpression was in fact material to the

3   issues before the district court.

4          Given the wording of 8009(e)(2), however, which

5   includes that the district court itself may address such

6   issues, it's clear to me that the district court may conclude

7   differently on that point.  But I believe that's really

8   ultimately an issue for the district court.  And as Mr. Lynch

9   said in his introductory remarks today, I don't believe it's

10  particularly appropriate for me to say that anything was in

11  fact material one way or another on this issue, which is

12  tangential to the issue of notice and service, as opposed to

13  anything directly relating to it.

14         So I'm going to grant the motion to the extent stated

15  and direct the appellate to file the transcript of this hearing

16  as part of the record on the appeal to the district court.

17         So Mr. Lynch, you should do that -- I'm going to give

18  you a deadline, but before doing that, I want to make sure

19  there's nothing truly eminent before the district court where

20  review of the record will matter.  I was going to suggest by

21  the end of next week, next Friday, but I guess if there's a

22  ruling coming up tomorrow, it should be filed right away.  Is

23  there anything that's likely to be requiring the district

24  court's review of the record before next Friday?

25         MR. MCDERMOTT:  It's Mr. McDermott.  Our brief isn't

1   due for another three weeks.

2          THE COURT:  Okay.  All right.

3          So Mr. Lynch, you should file the transcript of this

4   hearing at the earlier of Friday, July 28th or the date that

5   you get the transcript.

6          MR. LYNCH:  Your Honor, this is Stephen Lynch speaking

7   again.  I will do that --

8          THE COURT:  I'm sorry, I'm sorry, it's the other way

9   around.  The later of Friday the 28th and the date you get the

10  transcript.

11         MR. LYNCH:  Yes.  And also in an abundance of caution

12  Your Honor, may I ask just to clarify, this transcript you mean

13  today's transcript?

14         THE COURT:  Yes, today's transcript.  Because that

15  corrects the record of what happened before me.

16         MR. LYNCH:  I understand.  I just wanted to be sure of

17  that on the record.

18         THE COURT:  Right.  So put in an order for the

19  transcript.  If you want, you could make it expedited, you

20  don't have to, since that costs a little more money.  So that's

21  why it's really the later of Friday, a week, or the date that

22  you get the transcript.

23         MR. LYNCH:  We have lots of time, so I'm going to save

24  some money.

25         THE COURT:  Okay, very well.  Thank you.

1          MR. LYNCH:   Thank you.

2       (Whereupon these proceedings were concluded at 11:15 AM)

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                           I N D E X

3   RULINGS:                                      PAGE   LINE

4   Motion to approve Motion of Stephen P.        21      16

5   Lynch for Correction of Record Granted

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2                       C E R T I F I C A T I O N

3

4    I, David Rutt, certify that the foregoing transcript is a true

5    and accurate record of the proceedings.

6

7

8

9

10   _____

11   DAVID RUTT

12   AAERT Certified Electronic Transcriber CET**D 635

13

14   eScribers

15   352 Seventh Ave., Suite #604

16   New York, NY 10001

17

18   Date:  July 29, 2017

19

20

21

22

23

24

25

## A

**able (1)**
10:11
**absent (1)**
6:16
**Absolutely (1)**
12:16
**abundance (1)**
22:11
**accept (3)**
10:10;11:1;12:14
**accident (2)**
15:8;20:24
**according (1)**
10:2
**Accordingly (5)**
6:23;7:25;8:20;
15:3;18:21
**accurately (2)**
14:25;18:18
**action (1)**
8:1
**actions (2)**
7:13;11:20
**actual (1)**
20:9
**actually (5)**
9:1;11:23;12:6;
18:12,22
**addition (3)**
8:13;16:19;19:2
**additional (3)**
6:23;8:22;9:3
**address (15)**
8:9;10:25,25;11:7,
12;12:9,11,12,15;
13:9;19:21,25;20:1,
19;21:5
**addressed (3)**
5:18;6:9;16:8
**addresses (1)**
15:22
**addressing (1)**
17:20
**admitted (1)**
14:2
**advice (2)**
13:22;14:1
**advised (1)**
11:7
**Advisory (2)**
5:7;16:17
**again (5)**
4:22;10:12,23;
13:9;22:7
**against (2)**
11:20;12:3
**agreement (2)**
11:5,6
**allow (1)**
10:3

**alone (2)**
13:10,11
**along (1)**
10:5
**Although (4)**
5:22;6:13;17:8;
20:15
**amend (1)**
8:24
**among (1)**
16:22
**analysis (1)**
13:12
**and/or (2)**
8:17,23
**Andrei (3)**
9:18;10:12;16:17
**answered (1)**
12:12
**anymore (1)**
11:1
**appeal (26)**
4:12;5:5,17,19,21;
6:9,10,12,20;7:3,8,
11,13,14,18;8:1,5,21,
23,24;10:20;14:18;
15:4,14,21;21:16
**appealed (6)**
5:16;6:8;7:2,15,
20;8:10
**appeals (3)**
7:12,22;14:22
**appear (2)**
13:1,17
**appearance (4)**
10:22;19:3,7,11
**appeared (4)**
9:18;10:18;11:20,
22
**appearing (2)**
19:4,5
**appears (1)**
18:15
**appellate (5)**
7:9,24;8:2;9:16;
21:15
**appellees (2)**
5:13;6:4
**appellees' (1)**
8:6
**applies (2)**
7:11,22
**appropriate (1)**
21:10
**approving (2)**
16:2,3
**April (1)**
20:8
**arises (2)**
14:25;18:18
**around (1)**
22:9
**aspects (3)**

**5:21;6:12;7:11**
**assist (1)**
13:11
**assisted (2)**
9:16,17
**assisting (2)**
13:1;14:10
**assume (2)**
4:18;16:22
**assumed (1)**
19:14
**attached (3)**
17:5,9,14
**attorney (3)**
5:7;9:16;16:18
**attorneys (1)**
13:20
**away (1)**
21:22

## B

**bad (2)**
14:4;19:23
**Bankruptcy (28)**
4:14;6:14,15,18,
20,25;7:5,12,13,19,
21,23,25;8:3,4;
14:19,20,21,24;15:1,
2,12,16;18:12,16,19,
20,23
**bar (2)**
14:2;16:5
**based (1)**
8:20
**bear (3)**
11:15,17;12:8
**beginning (1)**
11:13
**behalf (2)**
4:8,12
**below (1)**
20:3
**benefit (1)**
4:18
**beyond (3)**
7:15;10:16;12:19
**bit (2)**
4:25;7:6
**both (3)**
14:13;19:3;20:17
**bound (1)**
10:6
**brief (7)**
5:17,18;6:8,9;7:3;
9:17;21:25
**burdens (2)**
11:15,16

## C

**calendar (1)**
18:25

**call (2)**
13:10;16:18
**called (1)**
9:19
**can (8)**
5:23;9:15;10:6,7,
22;11:7;13:19,25
**case (14)**
4:13;5:21;6:12;
7:9,11;9:14;10:21;
11:13,14,21,21;
14:16,17;15:23
**cases (1)**
7:23
**caution (1)**
22:11
**Central (1)**
17:5
**certainly (1)**
6:1
**certified (2)**
15:9;21:1
**cetera (1)**
14:11
**Chapter (1)**
14:19
**claim (2)**
16:2,3
**clarify (1)**
22:12
**Class (1)**
14:16
**clear (1)**
21:6
**Clearly (2)**
16:7;17:10
**coming (1)**
21:22
**company (1)**
4:9
**comply (1)**
13:3
**concerned (1)**
14:12
**concerns (1)**
7:23
**conclude (1)**
21:6
**concluded (1)**
23:2
**conclusion (1)**
6:22
**conference (4)**
17:4,4,9,11
**conferring (2)**
5:20;6:11
**confers (1)**
7:9
**confirm (1)**
9:5
**confirmation (11)**
4:13;8:24;15:25;
16:6,10,13;17:19,24;

**18:1;20:13,18**
**confirmed (3)**
17:1;19:7,11
**confirming (1)**
14:18
**conformed (4)**
15:3;18:11,21;
20:14
**conforming (1)**
20:19
**consequences (1)**
12:8
**Consequently (1)**
19:14
**consider (2)**
8:12,13
**content (1)**
15:20
**contest (1)**
10:11
**continuing (1)**
16:18
**control (3)**
5:21;6:12;7:10;
13:19
**Convention (3)**
10:2,2;12:1
**copy (1)**
17:12
**copying (1)**
19:16
**Corp (1)**
7:7
**corrected (3)**
15:9;17:18;20:25
**correcting (3)**
14:17,20;15:6
**correction (3)**
4:5,12;8:7
**correctness (1)**
7:4
**corrects (1)**
22:15
**costs (1)**
22:20
**counsel (1)**
19:16
**counsel's (1)**
9:19
**courier (1)**
9:25
**COURT (92)**
4:2,6,10,24;5:3,20,
22,23,25;6:2,11,13,
14,15,18,21,25;7:4,9,
10,10,13,19,25;8:2,4,
11,12,16,20;9:1,6,8,
10,18;10:15,16,18,
19,20;11:4,9,19;
12:5,14,17,21,23;
13:6,16,18,19,19;14:2,
9,15,24;15:1,2,12,14,
16,21,23;16:12,14,

19,21,24;18:2,5,10,
12,19,20,23;19:6,7,
10;20:15,20,21;21:3,
5,6,8,16,19;22:2,8,
14,18,25
**CourtCall (14)**
4:4;5:10,11;8:18;
17:2,3,11,12;18:3,
25;19:2,9;20:4,9
**CourtCall's (1)**
17:13
**courts (1)**
15:16
**court's (5)**
7:5;10:7;14:18;
16:11;21:24
**covered (1)**
15:18
**CPJFK (1)**
8:3
**creditors (2)**
5:13;6:4
**creditors' (1)**
8:22
**cross-border (1)**
11:14
**cumbersome (1)**
11:17

**D**

**dart (2)**
10:23,23
**date (6)**
16:5;17:4,11;22:4,
9,21
**dated (2)**
16:13;20:8
**dates (1)**
17:23,24,25
**day (1)**
19:15
**days (1)**
7:7
**deadline (1)**
21:18
**deadlines (1)**
16:1
**deal (2)**
14:22;15:17
**debtor (1)**
14:16
**decide (2)**
7:4,14
**decision (1)**
10:20
**declarations (1)**
4:16
**defense (1)**
12:3
**defer (2)**
8:16;15:16
**denial (1)**

19:22
**denied (2)**
6:24;8:24
**designated (1)**
15:4
**desire (1)**
7:24
**determination (2)**
8:17;16:11
**dial (2)**
17:3,10
**dialed (3)**
8:18;17:13,15
**dial-in (1)**
5:11
**difference (5)**
14:25;15:1;18:18,
19,22
**differently (1)**
21:7
**difficulties (1)**
11:13
**direct (3)**
11:12;19:22;21:15
**directly (1)**
21:13
**disciplinary (1)**
13:21
**discloses (2)**
14:25;18:18
**dismissal (1)**
19:22
**dispute (1)**
7:1
**disregarded (1)**
8:9
**district (20)**
7:4,8,10,17,22;8:4,
11;10:20;12:25;
13:2;15:16;20:20,
21;21:3,5,6,8,16,19,
23
**divested (1)**
6:20
**divesting (2)**
5:22;6:13
**divests (2)**
7:10,18
**docket (1)**
20:3,7
**don't (1)**
9:11
**done (1)**
13:22
**down (1)**
9:23
**drafted (1)**
13:10
**drafting (1)**
14:8
**duck (1)**
10:14
**due (1)**

22:1

**E**

**e1 (1)**
18:17
**earlier (1)**
22:4
**Eastern (1)**
8:3
**easy (2)**
12:1,2
**educated (1)**
7:6
**effect (1)**
5:9
**effectuated (1)**
12:11
**efficiency (1)**
7:23
**either (2)**
15:7;20:23
**else (1)**
14:3
**email (13)**
9:22,23;10:9,25;
11:12;19:15,20,21,
21;20:1,2,3,7
**eminent (1)**
21:19
**end (2)**
9:4;21:21
**enforce (1)**
6:15
**enforcement (1)**
7:15
**engagement (1)**
13:14
**enough (1)**
13:25
**entry (4)**
15:24;16:1,4,9
**erroneously (2)**
16:15,16
**error (3)**
15:8;16:19;20:24
**errors (1)**
6:19
**establishing (4)**
15:24;16:1,9,12
**et (1)**
14:11
**even (1)**
4:23
**evidence (6)**
5:9;8:14;17:6;
18:13;20:7,12
**exchange (2)**
17:18,20
**excuse (1)**
14:4
**Exhibit (4)**
17:14;18:14,25;

19:1
**exhibits (2)**
4:15,17
**ex-holder (1)**
14:16
**expect (1)**
10:24
**expedited (2)**
16:4;22:19
**explanation (1)**
19:24
**extensively (2)**
5:18;6:9
**extent (1)**
21:14

**F**

**fact (10)**
10:22;13:9;14:3;
17:1;18:12;19:10;
20:6,12;21:2,11
**factual (4)**
6:21,24;7:5;8:23
**factually (1)**
7:2
**fading (1)**
4:25
**faith (1)**
19:23
**far (1)**
14:12
**FD (2)**
5:7;16:17
**February (12)**
5:8;8:18;15:23;
16:13;17:12,13,20;
18:13,24;19:13,15;
20:16
**few (2)**
7:7;19:25
**file (7)**
10:8;20:3,6,8,20;
21:15;22:3
**filed (6)**
5:17;6:8;7:23;
9:22;10:19;21:22
**filing (4)**
5:19;6:10;7:8,18
**finally (1)**
8:3
**finances (1)**
11:16
**finding (5)**
6:25;7:1,2,5;8:23
**findings (4)**
6:21,24,24;9:3
**first (3)**
8:15;9:16;16:9
**five (1)**
4:23
**followed (1)**
10:9

**Following (3)**
7:12;13:23;16:19
**follows (2)**
14:23;20:3
**Foods (1)**
7:21
**foregoing (1)**
8:21
**form (3)**
10:10;15:20;16:2
**forward (1)**
10:23
**forwarded (1)**
15:13
**found (2)**
9:5,8
**founded (1)**
7:23
**Friday (6)**
9:22;21:21,24;
22:4,9,21
**front (2)**
10:17;13:20
**fully (1)**
8:8
**further (6)**
6:21;7:17,19,21;
10:16;19:24

**G**

**game (2)**
9:14;10:4
**gather (1)**
14:12
**generally (1)**
15:15
**Given (1)**
21:4
**goes (3)**
17:8,17;19:24
**Good (5)**
4:3,6,7,10;14:3
**grant (1)**
21:14
**granted (1)**
8:22
**great (1)**
11:14
**grounds (1)**
19:23
**guess (1)**
21:21
**guidance (1)**
10:7

**H**

**hac (1)**
13:18
**Hague (3)**
10:2,2;12:1
**happen (1)**

19:13
**happened (1)**
22:15
**happy (1)**
4:19
**hard (1)**
5:24
**headed (1)**
14:20
**headquarters (1)**
10:1
**heads (1)**
14:5
**hear (2)**
4:19;5:2
**hearing (33)**
5:6,8,15;6:6;
15:23;16:5,8,15,23;
17:1,4,12,14,16,19,
21,23,24,24;18:24,
25;19:3,8,13,18,19;
20:5,13,17,17,18;
21:15;22:4
**hearing' (1)**
17:7
**held (1)**
15:23
**helping (1)**
10:13
**higher (2)**
5:20;6:11
**history (2)**
17:5,10
**hitting (1)**
12:1
**honest (1)**
9:13
**Honor (17)**
4:3,7,21;5:4,10;
8:6,19,25;11:3,24;
12:22;13:5,8;14:6,
14;22:6,12
**hopeful (1)**
10:15

**I**

**identical (1)**
7:14
**impermissible (1)**
7:16
**important (1)**
13:7
**improperly (1)**
15:3
**includes (1)**
21:5
**including (3)**
5:10;11:17;13:21
**incumbent (1)**
10:21
**indeed (4)**
5:15;6:6;8:12;

11:15
**indicate (1)**
17:3
**indiscernible (2)**
4:23;11:25
**inform (1)**
19:10
**initiating (1)**
11:20
**integrity (1)**
7:24
**interest (1)**
10:24
**interested (1)**
19:4
**interfere (1)**
7:13
**interferes (1)**
8:1
**interject (1)**
19:9
**interpret (1)**
6:14
**interrupt (1)**
13:16
**introduced (2)**
5:13;6:5
**introductory (1)**
21:9
**involved (3)**
5:21;6:12;7:11
**issue (12)**
5:14,17;6:5,9;
7:14;8:9,10;13:7;
14:11;21:8,11,12
**issues (9)**
5:15,16;6:6,7;
7:19;8:23;15:17;
21:3,6
**item (2)**
15:3,5

**J**

**Judge (1)**
9:19
**July (1)**
22:4
**jump (1)**
19:9
**June (1)**
20:8
**jurisdiction (9)**
6:14,17,18,21;7:9,
19;8:2,5,11
**jurisdictional (2)**
5:20;6:11

**K**

**keep (1)**
11:6
**keyboard (1)**

12:2
**Kirwan (1)**
4:2
**knew (1)**
18:8

**L**

**Lane (1)**
9:19
**Lapidem (6)**
4:8,15;6:22;8:16;
11:7;19:17
**Lapidem's (1)**
6:23
**large (1)**
11:25
**last (5)**
5:17;6:8;7:7;9:22;
19:1
**later (5)**
10:5;17:19;20:1;
22:9,21
**law (3)**
12:25;13:2;14:11
**lay (1)**
12:6
**legal (5)**
6:22;7:5;13:11,25;
14:10
**legally (2)**
7:2;12:7
**less (1)**
4:22
**letter (3)**
17:2,6,8
**licensed (2)**
13:12,17
**light (1)**
18:13
**likely (1)**
21:23
**Line (8)**
7:17;9:13;19:8,10,
12,15,19;20:11
**list (1)**
17:12
**listed (7)**
17:5;18:24;19:2,3,
4,6;20:4
**listen- (1)**
18:5
**listening (1)**
19:19
**literally (1)**
20:11
**little (3)**
4:25;5:24;22:20
**live (2)**
16:21;19:4
**LLC (1)**
8:3
**LLP (1)**

16:17
**longtime (1)**
12:10
**looking (1)**
9:2
**lots (1)**
22:23
**lower (2)**
5:22;6:13
**LYNCH (53)**
4:3,4,21,21;5:1,4,
23;6:1,3;8:7,17;
10:13,18;11:2,6,10,
19,24;12:9,16,22;
13:5,8,8;14:6,14,15,
18;15:22;16:16,18,
21,25;17:3,15,22;
18:14,23;19:5,14,15;
20:1,6,15;21:8,17;
22:3,6,6,11,16,23;
23:1
**Lynch's (2)**
4:11;17:6

**M**

**mail (1)**
10:3
**maintain (1)**
13:19
**making (1)**
20:22
**man (2)**
9:18;10:13
**manner (2)**
16:2;19:18
**many (1)**
19:21
**Mark (1)**
4:7
**Mascini (7)**
4:8,15;6:22,23;
8:16;11:7;19:16
**material (4)**
15:6;20:23;21:2,
11
**matter (6)**
5:19;6:10;8:20;
10:20;15:15;21:20
**matters (2)**
11:25;13:20
**May (11)**
5:10;11:2;12:22;
15:4,8,9;20:25;21:1,
5,6;22:12
**MCDERMOTT (17)**
4:7,8,16;9:1,4,7,9,
11;11:2;12:18,20;
17:20;18:4,7;19:17;
21:25,25
**mean (2)**
18:8;22:12
**means (3)**

11:22;12:6;18:16
**mention (1)**
17:9
**mere (1)**
7:15
**might (1)**
4:23
**minimum (1)**
10:11
**minutes (2)**
4:23;20:1
**misimpression (1)**
21:2
**misstated (2)**
15:7;20:24
**misstatement (1)**
15:8
**misstatements (1)**
16:20
**mode (1)**
18:6
**modification (1)**
6:16
**modify (2)**
6:17;8:5
**Modifying (1)**
14:21
**money (2)**
22:20,24
**more (2)**
12:23;22:20
**morning (4)**
4:3,6,7,10
**motion (37)**
4:5,11,14;5:12;
6:3,16;8:7,13,21,22;
10:8,16;12:19;13:10,
18;14:12,15;15:22,
24,25;16:3,6,7,8,9,
11,14,16,18,24;17:8,
14,17;18:14;19:1;
20:8;21:14
**motions (1)**
10:19
**mount (1)**
12:3
**move (1)**
15:4
**moved (1)**
6:19
**much (1)**
13:4
**must (5)**
11:15,17;15:1,20;
18:19
**myself (3)**
4:4;5:7;7:6

**N**

**namely (1)**
5:5
**narrow (2)**

KIRWAN OFFICES S.A.R.L.
Case No. 16-22321-rdd                                                                                             July 19, 2017

5:4;8:19
**nature (1)**
  6:22
**need (8)**
  8:12,13;10:11,16;
  11:18,22;14:7;18:11
**needs (2)**
  10:9;13:3
**neither (3)**
  5:6;16:25;17:15
**New (9)**
  7:8,18,22;8:4;9:9;
  10:25,25;12:25;13:2
**next (4)**
  19:15;21:21,21,24
**nor (6)**
  5:7;12:2;16:25;
  17:15;19:18;20:7
**Normally (1)**
  19:6
**note (1)**
  20:4
**notice (10)**
  5:19;6:10;7:8,18;
  8:10;10:22;16:3,5,
  22;21:12
**notification (2)**
  5:15;6:7
**notified (2)**
  5:14;6:5
**notwithstanding (1)**
  19:10
**number (3)**
  8:13,14,15
**numbered (1)**
  8:8

**O**

**object (1)**
  17:25
**obligation (1)**
  11:11
**obviously (1)**
  17:23
**occasions (1)**
  12:13
**occurred (4)**
  15:1;18:12,19,22
**occurring (1)**
  19:25
**Offices (1)**
  4:2
**official (1)**
  5:11
**often (1)**
  11:24
**old (1)**
  11:1
**omission (2)**
  15:8;20:25
**omitted (2)**
  15:7;20:23

**one (9)**
  5:4;7:14;9:14;
  10:15;11:1,19;
  14:16;16:9;21:11
**ones (2)**
  5:16;6:7
**only (6)**
  5:5;8:12,13;18:5,
  6;20:10
**open (1)**
  19:19
**operator (1)**
  19:9
**opposed (1)**
  21:12
**order (11)**
  4:13;7:13;8:24;
  14:17,18;15:24;16:1,
  4,9,11;22:18
**orders (3)**
  6:15,17;8:5
**otherwise (2)**
  6:20;17:25
**out (4)**
  4:25;9:19;10:23;
  12:6
**over (3)**
  7:6,10,19
**own (1)**
  4:11
**owners (1)**
  4:8

**P**

**page (3)**
  9:16;16:19;19:1
**papers (1)**
  12:19
**paragraph (4)**
  8:12,14,14,15
**paragraphs (1)**
  8:8
**Part (4)**
  14:21;15:4;20:21;
  21:16
**participate (6)**
  10:6;18:2,7;19:17;
  20:10,10
**participated (3)**
  5:8;16:25;17:22
**participating (1)**
  16:17
**particular (1)**
  18:14
**particularly (1)**
  21:10
**parties (1)**
  15:11
**party (10)**
  10:24;12:3;15:4,7;
  19:4,6,8,9,11;20:23
**PBS (1)**

7:21
**pending (2)**
  15:14,21
**people (2)**
  10:25;13:16
**permission (1)**
  13:17
**perspective (1)**
  9:13
**pertains (1)**
  18:23
**petitioner's (1)**
  16:5
**petitioning (3)**
  5:13;6:4;8:22
**phone (5)**
  9:12;16:21;18:23;
  20:15,16
**place (1)**
  17:20
**plan (7)**
  14:19;15:25;16:6,
  10,12;17:19;19:16
**playing (1)**
  10:4
**pleadings (1)**
  14:1
**Please (3)**
  5:1;20:3,4
**pm (2)**
  20:2,2
**point (1)**
  21:7
**power (1)**
  15:17
**practice (4)**
  13:1,12,13;15:15
**practicing (3)**
  12:25;13:2;14:11
**precluded (1)**
  12:7
**presence (1)**
  16:15
**present (7)**
  16:8,14,24;17:7;
  18:3,14;19:1
**presented (2)**
  15:21;18:13
**previously (1)**
  10:1
**pro (5)**
  4:4;9:15;13:18
**problem (3)**
  13:6,6;14:3
**procedure (1)**
  13:23
**procedures (4)**
  15:25;16:6,10,12
**proceedings (2)**
  7:12;23:2
**process (6)**
  7:14,25;8:1;9:15;
  12:7;13:19

**prohibited (1)**
  7:25
**proofs (2)**
  16:1,3
**proper (4)**
  8:10;9:7;18:16;
  20:19
**properly (4)**
  5:14;6:5;7:1;12:11
**property (1)**
  12:3
**proponents (1)**
  19:16
**protect (1)**
  7:24
**provide (4)**
  11:11,22;13:25;
  19:24
**provided (1)**
  5:11
**provides (1)**
  18:17
**Prudential (1)**
  7:17
**purposes (1)**
  13:21
**pursuant (1)**
  4:13
**put (1)**
  22:18

**Q**

**quoting (1)**
  16:16

**R**

**rather (1)**
  8:19
**Re (1)**
  4:2
**read (2)**
  4:14;19:17
**reads (2)**
  8:16;14:23
**ready (1)**
  14:13
**realia (1)**
  17:2
**really (5)**
  10:6;12:23;13:4;
  21:7;22:21
**Realty (1)**
  7:7
**reason (3)**
  8:6;9:21;13:18
**reasonably (1)**
  20:17
**reasons (1)**
  16:22
**receive (1)**
  12:6

**received (1)**
  8:10
**record (34)**
  4:5,12;5:5,12;6:4,
  20;8:8,21;14:17,21,
  25;15:2,4,7,9,12,20,
  22;17:13,18;18:9,11,
  18,20;20:14,19,21,
  24;21:1,16,20,24;
  22:15,17
**records (2)**
  16:15,17;17:2;
  20:9
**refer (1)**
  7:7
**referenced (1)**
  18:15
**references (1)**
  19:8
**referencing (1)**
  17:18
**reflect (1)**
  20:14
**reflected (1)**
  18:25
**registered (2)**
  12:9,10
**related (1)**
  11:25
**relating (1)**
  21:13
**relations (1)**
  8:23
**relay (1)**
  14:6
**relevant (1)**
  14:23;16:7
**relief (4)**
  10:16;11:21,22;
  14:19
**Remaining (1)**
  15:19
**remarks (1)**
  21:9
**reorganized (1)**
  4:9
**repeatedly (2)**
  10:19;11:10
**reply (3)**
  5:12;6:3;11:2
**report (2)**
  17:5,10
**reporter (1)**
  5:25
**represent (1)**
  13:15
**representing (3)**
  4:4;10:21;19:19
**request (6)**
  5:4;6:23;9:4,11;
  17:6,25
**requesting (1)**
  10:7

KIRWAN OFFICES S.A.R.L.
Case No. 16-22321-rdd

July 19, 2017

**requirements (2)**
12:24;13:3
**requiring (1)**
21:23
**research (3)**
13:11;14:8,10
**resident (1)**
12:10
**respect (7)**
8:17;14:1;15:25;
16:7,8,10,12
**respectfully (2)**
6:15;7:1
**respond (2)**
17:25;20:7
**responded (1)**
19:25
**response (6)**
4:15,16;8:7,15;
20:2,2
**result (1)**
19:22
**resulted (1)**
16:11
**retained (1)**
6:14
**review (2)**
21:20,24
**right (10)**
4:11;9:17;11:9;
12:17,17;18:6,10;
21:22;22:2,18
**roster (1)**
20:4
**Rule (8)**
4:14;6:16,18;7:22;
14:19,20;18:16;
20:22
**rules (2)**
14:21,22
**ruling (3)**
14:13;20:22;21:22
**Russia (3)**
11:18,25;12:9
**Russia/US (1)**
11:14

**S**

**same (4)**
5:22;6:13;9:6;20:1
**Sandakov (17)**
5:7;8:18;9:18;
10:12;12:24;13:11,
22;16:17,25;17:9,10,
15;19:2,4,14;20:10,
16
**SARL (1)**
4:2
**sat (1)**
9:19
**save (1)**
22:23

**saying (3)**
5:25;9:23;11:4
**schedule (3)**
19:3,7,11
**scheduling (1)**
16:4
**se (2)**
4:4;9:15
**seek (1)**
17:17
**seeking (1)**
11:21
**seeks (3)**
4:13;5:5;14:19
**seems (1)**
14:8
**send (3)**
10:8;12:1;20:20
**sense (2)**
9:2;12:1
**sent (2)**
9:24;19:15
**sentence (1)**
8:15
**serious (1)**
11:13
**serve (5)**
9:23;10:1,11;11:8,
17
**served (5)**
7:1;8:10;10:23;
11:24;12:12
**service (16)**
5:15;6:6;9:3,7,14;
10:3,10,14;11:1,23;
12:7,11,12,14;19:25;
21:12
**serving (1)**
10:13
**set (2)**
10:5;17:23
**settled (2)**
15:2;18:20
**sg (1)**
19:21
**share (1)**
14:16
**short (1)**
4:22
**shortening (1)**
16:5
**show (2)**
5:6;17:13
**shown (1)**
18:9
**shows (2)**
17:10,14
**shutting (1)**
9:23
**significance (2)**
5:20;6:11
**simple (1)**
8:19

**simply (1)**
20:20
**situation (1)**
14:7
**skeptical (1)**
9:12
**slower (1)**
5:24
**sorry (5)**
5:23;18:5;20:8;
22:8,8
**sought (3)**
6:22;11:22;20:8
**Southern (5)**
7:7,17,21;12:25;
13:2
**speak (3)**
4:24;5:23;18:6
**speaking (5)**
4:22;13:8;15:15;
20:11;22:6
**specific (1)**
12:24
**spoke (1)**
18:8
**state (2)**
17:17;19:20
**stated (2)**
18:17;21:14
**statement (2)**
4:22;20:25
**States (8)**
13:13,14,15;
15:19;16:14,24;
17:2;20:23
**Stephen (5)**
4:3,21;8:7;13:8;
22:6
**stipulation (1)**
15:11
**stop (1)**
10:12
**strain (1)**
11:16
**streamlined (2)**
15:24;16:10
**strike (1)**
15:5
**submitted (5)**
5:9;7:3;8:14;15:2;
18:20
**Submitting (4)**
14:24;16:1,2;17:6
**suggest (2)**
18:8;21:20
**suggesting (1)**
13:21
**supplemental (2)**
15:9;20:25
**support (3)**
4:16;5:9;7:3
**sure (3)**
14:7;21:18;22:16

**T**

**table (1)**
9:19
**tangential (1)**
21:12
**telephone (1)**
13:10
**telephonic (8)**
5:6,8;16:4;17:1,
23;19:2,7,11
**telephonically (1)**
17:7
**terminated (1)**
19:22
**terms (1)**
9:11
**terrible (1)**
11:16
**therefore (1)**
7:15
**thereof (1)**
16:3
**three (2)**
4:23;22:1
**timed (1)**
20:2
**timely (4)**
5:16;6:7,16;7:2
**today (4)**
8:12,20;9:20;21:9
**today's (2)**
22:13,14
**told (4)**
10:1,12;11:11;
13:24
**tomorrow (1)**
21:22
**took (1)**
17:20
**transcript (12)**
5:6;16:15;20:20;
21:15;22:3,5,10,12,
13,14,19,22
**transmitted (2)**
15:10;21:1
**transparently (1)**
11:10
**treated (1)**
10:24
**trial (1)**
7:10
**true (1)**
19:20
**truly (1)**
21:19
**try (1)**
5:1
**trying (1)**
10:4
**twice (1)**
9:18

**two (1)**
4:16

**U**

**ultimately (1)**
21:8
**under (8)**
6:16,18,19;8:5;
11:11;14:19;18:16;
20:22
**underlying (1)**
13:22
**United (3)**
13:13,13,15
**up (5)**
4:24;10:5;14:5;
18:6;21:22
**update (1)**
10:22
**upon (1)**
10:21
**used (1)**
19:20

**V**

**via (1)**
19:19
**vice (1)**
13:18

**W**

**wants (1)**
10:4
**warning (1)**
12:24
**way (5)**
9:24;14:9;20:19;
21:11;22:8
**Ways (1)**
15:6
**week (4)**
5:17;6:8;21:21;
22:1
**weeks (1)**
22:1
**well-funded (1)**
12:3
**weren't (1)**
20:18
**what's (1)**
12:19
**Whereupon (1)**
23:2
**whole (1)**
9:13
**Winimo (1)**
7:7
**without (2)**
8:4;14:1
**word (1)**

12:23
**wording (1)**
　21:4
**words (1)**
　14:4
**work (3)**
　11:1;12:6;14:9
**working (1)**
　13:20
**works (1)**
　11:23
**wrong (3)**
　7:2;13:22,24

### Y

**years (1)**
　19:21
**yesterday's (1)**
　19:18
**York (6)**
　7:8,18,22;8:4;
　12:25;13:2

### 1

**1 (3)**
　8:13,14;14:24
**1:39 (1)**
　20:2
**1:52 (1)**
　20:2
**11 (1)**
　14:19
**11:15 (1)**
　23:2
**17 (1)**
　8:8
**18 (1)**
　8:16
**1994 (1)**
　7:17

### 2

**2 (7)**
　5:10;8:8,15;15:6;
　16:19;17:14;18:14
**2/27 (1)**
　20:5
**2001 (1)**
　7:8
**2011 (1)**
　8:4
**2016 (1)**
　7:22
**2017 (9)**
　5:8,10;8:18;15:23;
　16:13;17:19,21;
　18:13;20:9
**23 (1)**
　20:8
**27 (5)**

5:8;8:18;15:23;
　17:20;18:13
**27th (5)**
　17:12,13;18:24;
　19:13;20:16
**28 (1)**
　16:13
**28th (3)**
　19:15;22:4,9

### 3

**3 (2)**
　15:19;18:25

### 8

**8 (1)**
　14:21
**8009 (2)**
　6:19;18:16
**8009e (1)**
　14:20
**8009e2 (4)**
　15:17,18;20:22;
　21:4
**8009e2B (2)**
　4:14;14:20

### 9

**9023 (1)**
　6:17

eScribers, LLC | (973) 406-2250
operations@escribers.net | www.escribers.net